# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**BARBARA MAWK,**

          **Plaintiff,**

**v.**                                                 **Case No:   6:13-cv-1469-Orl-22KRS**

**KAPLAN UNIVERSITY,**

          **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

      This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **DEFENDANT'S RENEWED MOTION FOR NON-TAXABLE COSTS AND ATTORNEYS' FEES (Doc. No. 62)** |
| **FILED:** | **April 27, 2015** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED IN PART**.

## I.    BACKGROUND.

      On August 12, 2013, Plaintiff Barbara Mawk ("Mawk") filed suit against Defendant Kaplan University ("Kaplan") in the Ninth Judicial Circuit Court in and for Orange County, Florida.   Doc. No. 3.   In her complaint, Mawk raised claims for sexual harassment and sex discrimination in violation Title VII of the Civil Rights Act of 1964 ("Title VII"), assault and battery, negligent retention of employee, negligent supervision of employee, and negligent infliction of emotional

distress.  *Id.*  On August 23, 2013, Kaplan removed the action to the U.S. District Court for the Middle District of Florida.   Doc. No. 1.

Kaplan filed a motion to dismiss on December 19, 2013.   Doc. No. 14.   After Mawk failed to respond, the Court granted the motion.   Doc. No. 19.   On January 17, 2014, Mawk filed an amended complaint, raising claims for gender and race discrimination and retaliation in violation of Title VII, assault and battery, negligent infliction of emotional harm, negligent supervision and retention, defamation, and violations of the Americans with Disabilities Act ("ADA").   Doc. No. 20.

Kaplan then filed a motion to dismiss the claims for assault and battery, negligent supervision and retention, and negligent infliction of emotional distress.   Doc. No. 22.   Mawk again failed to respond to the motion to dismiss, and the Court again granted the motion.   Doc. No. 24.   Kaplan also filed a motion to compel, Doc. No. 28, which was granted after Mawk failed to respond, Doc. No. 29.   Kaplan then filed a motion to strike Mawk's expert disclosures.   Doc. No. 32.   Mawk did not respond, and the motion was granted in part and denied in part.   Doc. No. 35.

On October 29, 2014, Kaplan filed a motion for summary judgment.   Doc. No. 40.   The Court granted that motion on February 17, 2015, Doc. No. 55, and entered judgment in favor of Kaplan that same day.   Doc. No. 56.   The Clerk taxed costs against Mawk in the amount of $3,252.05, Doc. No. 59.   Kaplan also filed a motion for attorneys' fees and non-taxable costs, which I denied without prejudice.   Doc. Nos. 58, 60.

Kaplan filed a renewed motion for attorneys' fees and non-taxable costs on April 27, 2015. Doc. No. 62.   Mawk has not responded to that motion, and the time for doing so has passed.   The motion has been referred to me for issuance of this Report and Recommendation.

## II.   DISCUSSION.

The instant motion presents two separate requests to the Court.   First, Kaplan asks that the Court award it $4,440.51 in non-taxable costs.   Doc. No. 62, at 4–6.   Second, Kaplan asks that the Court award it $155,995.45 in attorneys' fees.   *Id.* at 6–14.[1]   I will address each of these contentions in turn.

### A.   Costs.

Kaplan first argues that, as the prevailing party in the action, it is entitled to recover costs under Federal Rule of Civil Procedure 54(d) and 42 U.S.C. § 1988.   Doc. No. 61, at 5.   It contends that it incurred (1) mediation costs in the amount of $1,820.50; (2) travel costs in the amount of $2,616.39; and (3) postage costs in the amount of $3.62.   *Id.* at 5–6.

#### 1.   Mediation Costs.

Kaplan requests an award covering mediation costs in the amount of $1,820.50, which represents the half of the mediation fees paid by Kaplan.   Doc. No. 62, at 5–6; *see also* Doc. No. 62-2, at 9–12.   Federal Rule of Civil Procedure 54(d) "do[es] not provide any means to recover mediation fees." *Kobie v. Fithian*, No. 2:12-cv-98-FtM-29DNF, 2014 U.S. Dist. LEXIS 72521, at *6 (M.D. Fla. May 28, 2014).

Mediation fees are recoverable, however, under § 1988.   *See Evans v. Books-A-Million*, 762 F.3d 1288, 1299 (11th Cir. 2014) ("[W]e see no reason to distinguish mediation fees from other expenses which may be recovered under § 1988.").   That statute encompasses "all reasonable

---

[1] In footnote 3 of the motion, Kaplan attempts to reserve a right to file a follow-on fee motion to seek fees for preparing and filing the motion under consideration in this Report and Recommendation. Doc. No. 62, at 3.   I recommend that the Court not permit Kaplan to file another fee motion.   The costs of preparing the motion currently under consideration were calculable before the motion was filed.   Further, if motions for fees were permitted for preparing every motion for fees, the fee requests could continue *ad infinitum.*

expenses incurred in case preparation, during the course of litigation, or as an aspect of settlement of the case." *Dowdell v. City of Apopka*, 698 F.2d 1181, 1192 (11th Cir. 1983). Mediation fees are the type of expense reasonably incurred during the course of litigation. *Hodges v. Sch. Bd. of Orange Cty.*, No. 6:11-cv-135-Orl-36GJK, 2014 U.S. Dist. LEXIS 159848, at *46 (M.D. Fla. Oct. 22, 2014), *report and recommendation adopted*, 2014 U.S. Dist. LEXIS 159640 (M.D. Fla., Nov. 13, 2014). Because the Court directed the parties to participate in mediation, Doc. No. 16, these mediation fees were reasonably incurred by Kaplan, *Hodges*, No. 6:11-cv-135-Orl-36GJK, 2014 U.S. Dist. LEXIS 159848, at *46. Consequently, Kaplan is entitled to recover $1,820.50 in mediation fees.

        2.    <u>Travel and Meal Costs.</u>

Kaplan also requests an award of travel costs in the amount of $2,616.39. Doc. No. 62, at 6; Doc. No. 62-2, at 6–7. Travel and meal costs are litigation expenses recoverable as part of an award under § 1988. *Am. Charities for Reasonable Fundraising Regulation, Inc.*, 278 F. Supp. 2d 1301, 1328 (M.D. Fla. 2003); *see also Dowdell*, 698 F.2d at 1192.

Kaplan's request consists of $777.48 for the cost of airfare, lodging, a taxi, a lunch, a rental car and fuel, and tolls incurred while traveling to attend Mawk's deposition and witness interviews in Orlando between April 20, 2014, and April 22, 2014. Doc. No. 62-2, at 6, 14–19. Kaplan also incurred $422.00 in airfare and taxi costs on August 1, 2014, to attend the continuation of Mawk's deposition. *Id.* at 6, 20–21. On September 22, 2014, Kaplan incurred $411.20 in airfare and taxi costs to attend the depositions of Scott Becket and Maria Rivera. *Id.* at 6, 22–23. Between September 14, 2014, and September 15, 2014, Kaplan incurred costs in the amount of $570.32 for airfare, lodging, a taxi, and lunch related to its attendance at mediation. *Id.* at 6, 24–26. Between February 12, 2015, and February 14, 2015, Kaplan also incurred $435.39 in costs for airfare, a rental

car, and parking to attend the pretrial attorney meeting in Orlando.  *Id.* at 6, 27–29.  These amounts were reasonably incurred during the course of the litigation, and accordingly, Kaplan is entitled to a resultant award of $2,616.39.

### 3.   Postage Costs.

Kaplan further requests $3.62 in postage costs.  *Id.* at 7.  Postage fees may be recoverable under § 1988.  *See Dowdell*, 698 F.2d at 1192.   Here, however, Kaplan has provided no description of how the postage fees were incurred or how they were reasonable in the course of the litigation. Accordingly, Kaplan has not presented a sufficient factual basis to support a conclusion that these postage fees should be allowed.  *Cf. Hodges*, No. 6:11-cv-135-Orl-36GJK, 2014 U.S. Dist. LEXIS 159848, at *44–45 (disallowing a parking expense when the plaintiffs did not explain why the expense was "reasonably incurred during the course of the litigation").

### B.   *Attorneys' Fees.*

Kaplan next requests that the Court award it attorneys' fees under 42 U.S.C. § 1988.  First, I will discuss Kaplan's entitlement to fees under § 1988.   Second, I will discuss the reasonable attorneys' fees that the Court should award in this case.

### 1.   Kaplan Is Entitled To An Award Of Attorneys' Fees.

A district court may, in its discretion, award attorneys' fees to a "prevailing" defendant under § 1988 upon finding that the plaintiff's claims were "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith."  *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978).   The statute permits a court to award fees when "there clearly was no good reason to bring the lawsuit."  *Young v. New Process Steel, LP*, 419 F.3d 1201, 1206 (11th Cir. 2005).

Accordingly, a court's evaluation of whether a defendant is entitled to attorneys' fees entails a two-step inquiry.   First, the court must determine whether the defendant is a "prevailing party"

within the meaning of § 1988.  *See Gray v. Bostic*, 613 F.3d 1035, 1040 (11th Cir. 2010) ("Only the 'prevailing party' is eligible for attorney's fees . . . .").  Second, the court must determine whether the plaintiff's claims were "frivolous, unreasonable, or without foundation."  *See Christiansburg*, 434 U.S. at 421.  A request for attorneys' fees should not, however, "result in a second major litigation."  *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

          i.     *Kaplan is a prevailing party.*

In this case, the Court dismissed a number of Mawk's claims on Kaplan's motion to dismiss, *see* Doc. No. 22, and granted summary judgment in favor of Kaplan on Mawk's remaining claims, *see* Doc. No. 40.  Accordingly, Kaplan is a prevailing party for purposes of § 1988.  *See, e.g.*, *Sada v. City of Altamonte Springs*, No. 6:09-cv-506-Orl-31KRS, 2012 U.S. Dist. LEXIS 18532, at *24 (M.D. Fla. Feb. 15, 2012).

          ii.     *Mawk's claims were frivolous, unreasonable, and without foundation.*

As noted above, a prevailing defendant may receive attorneys' fees under § 1988 only when the plaintiff's case is 'frivolous, unreasonable, or without foundation.'"  *Christiansburg*, 434 U.S. at 421.  "Factors that are 'important in determining whether a claim is frivolous' include '(1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits.'"  *Quintana v. Jenne*, 414 F.3d 1306, 1309 (11th Cir. 2005) (quoting *Sullivan v. Sch. Bd. of Pinellas Cty.*, 773 F.2d 1182, 1189 (11th Cir. 1985)).  "These factors 'are general guidelines only, not hard and fast rules.  Determinations regarding frivolity are to be made on a case-by-case basis.'"  *Id.* (quoting *Sullivan*, 773 F.2d at 1189).

The first factor weighs in favor of an award of attorneys' fees.  The Court dismissed Mawk's claims of assault and battery, negligent infliction of emotional distress, and negligent

supervision and retention upon Kaplan's motion to dismiss for failure to state a claim.  *See* Doc. No. 24; *see also Clarke v. Tolbert Enters., LLC*, No. 11-00643-CG-B, 2013 U.S. Dist. LEXIS 173647, at *4 (S.D. Ala. Dec. 11, 2013) (finding that an award of attorneys' fees was supported when the plaintiff "never even *alleged* a prima facie case, much less established one"). Accordingly, Mawk did not establish a prima facie case for those claims.

The Court subsequently granted summary judgment based on Mawk's failure to establish a prima facie case for any of her other claims.  First, for her hostile work environment claim, Mawk failed to provide evidence of conduct that was sufficiently "severe or pervasive" to give rise to a viable claim.  Doc. No. 55, at 9–11; *see also Miller v. Kenworth of Dothan Inc.*, 277 F.3d 1269, 1275 (11th Cir. 2002) (noting that a plaintiff asserting a hostile work environment claim must establish that "the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment").  Second, with respect to her disparate treatment claims, Mawk failed to establish, as part of her prima facie case, that she suffered an adverse employment action and that similarly situated employees outside of her protected class were treated differently.  Doc. No. 55, at 13–15 (citing *Holland v. Gee*, 677 F.3d 1047, 1055 (11th Cir. 2012)).  Third, for her retaliation claims, Mawk failed to establish that she suffered a materially adverse action or that any causal connection existed between a protected activity and such an action.  *Id.* at 16–17 (citing *Alvarez v. Royal Atl. Developers, Inc.*, 610 F.3d 1253, 1268 (11th Cir. 2010)).  Finally, Mawk's defamation claim failed because she did not provide any basis for holding Kaplan liable for the allegedly defamatory statements and because she failed to establish the essential element of publication to a third party.  *Id.* at 17–19 (citing *Valencia v. Citibank Int'l*, 728 So. 2d 330, 330 (Fla. 3d Dist. Ct. App. 1999)).  Consequently, Mawk failed to establish a prima facie case for any claim that she asserted in this case.

The second factor is whether Kaplan offered to settle.   Although Kaplan acknowledges that it made a settlement offer during Court-ordered mediation, it does not identify the precise amount offered.   Doc. No. 62, at 8–9.   Regardless, "[o]ffering to settle a case as part of court-ordered mediation does not weigh against an award of fees because the parties are expected to participate in the mediation in good faith."   *Turner v. Inzer*, No. 4:11-cv-567-RS-WCS, 2013 U.S. Dist. LEXIS 123717, at \*6 (N.D. Fla. Aug. 29, 2013) (quoting *Wigfall v. Saint Leo Univ., Inc.*, No. 8:10-cv-2232-T-24-TGW, 2012 U.S. Dist. LEXIS 125895, at \*11 (M.D. Fla. Sept. 5, 2012), *rev'd in part and vacated in part on other grounds sub nom. Wigfall v. Sodexo, Inc.*, 539 F. App'x 942 (11th Cir. 2013)) (internal quotation marks omitted).   Accordingly, this factor is neutral.

The third factor is whether the Court dismissed the case before a full-blown trial on the merits.   As discussed above with the first factor, all of Mawk's claims were dismissed in the Court's orders on Kaplan's motion to dismiss and motion for summary judgment.   This factor, therefore, weighs in favor of an award of attorneys' fees.

I also note that Mawk's litigation conduct weighs in favor of a finding that her claims were frivolous.   She did not file any response to Kaplan's first motion to dismiss, *see* Doc. No. 19; Kaplan's second motion to dismiss, *see* Doc. No. 24; Kaplan's motion to strike her expert witness disclosures, *see* Doc. No. 35; Kaplan's first motion for attorneys' fees and costs, *see* Doc. No. 58; or the instant renewed motion for attorneys' fees and costs, *see* Doc. No. 62.   Mawk and her counsel also failed to appear for the Court-ordered mediation conference held on September 15, 2014.   Doc. No. 33.   Such conduct is not reflective of an individual who believed in good faith that she had raised nonfrivolous claims.

In light of the above considerations, I recommend that the Court find that Kaplan is entitled to an award of attorneys' fees.[2]

### 2.   Award.

In determining the reasonable attorneys' fee that it should award, a court employs the lodestar analysis.   Under this analysis, the court must multiply the number of hours reasonably expended on the litigation by the customary fee charged in the community for similar legal services to reach the sum referred to as the "lodestar."   *Ass'n of Disabled Ams. v. Neptune Designs, Inc.*, 469 F.3d 1357, 1359 (11th Cir. 2006) (per curiam).   "The court may then adjust the lodestar to reach a more appropriate attorney's fee, based on a variety of factors, including the degree of the plaintiff's success in the suit."   *Id.*

### i.   *Reasonable Rates.*

In *Norman v. Housing Authority of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) (citations omitted), the Eleventh Circuit discussed how a court should determine the reasonable hourly rate for a case:

> A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers or reasonably comparable skills, experience, and reputation.   The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates.   Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work. . . .   Evidence of rates may be adduced through direct evidence of charges by lawyers under similar circumstances or by opinion evidence.   The weight to be given to opinion evidence of course will be affected by the detail contained in the testimony on matters such as similarity of skill, reputation, experience, similarity of case and client, and breadth of the sample of which the expert has knowledge.

---

[2] That Mawk raised state law claims with no independent fee entitlement does not change this conclusion.   *See Bridges v. Eastman Kodak Co.*, 102 F.3d 56, 59 & n.2 (2d Cir. 1996) (upholding a district court's determination that fees should be awarded under § 1988 for time spent on related state law claims). These state law claims are related to Mawk's federal claims and arise out of the same nucleus of operative fact.   *See Carreras v. City of Anaheim*, 768 F.2d 1039, 1050 (9th Cir. 1985) ("When the plaintiff in a civil rights action prevails on a pendent state claim based on a common nucleus of operative fact with a substantial federal claim, fees may be awarded under § 1988.").

A court may also use its knowledge and experience to determine the current reasonable hourly rate. *Id.* at 1303.

"Those opposing fee applications have obligations, too.   In order for courts to carry out their duties in this area, 'objections and proof from fee opponents' concerning hours that should be excluded must be specific and 'reasonably precise.'"   *ACLU v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) (quoting *Norman*, 836 F.2d at 1301).   Accordingly, a fee opponent's failure to lodge specific objections is generally viewed as fatal.   *Kratom Lab, Inc. v. Mancini*, No. 11-80987-CIV-MARRA/MATTHEWMAN, 2013 U.S. Dist. LEXIS 182410, at *8 (S.D. Fla. Dec. 3, 2013); *Scelta v. Delicatessen Support Servs.*, 203 F. Supp. 2d 1328, 1333 (M.D. Fla. 2002); *see also Gray v. Lockheed Aeronautical Sys. Co.*, 125 F.3d 1387, 1389 (11th Cir. 1997).

Kaplan filed an affidavit of Susan N. Eisenberg, Esq., its counsel of record.   Doc. No. 62-2.   Kaplan also filed an affidavit of Gary D. Wilson, Esq., in which he offers his opinion on the reasonable hourly rates in this case.   Doc. No. 62-4.   Additionally, Kaplan filed an order from another case in which, they contend, the judge awarded hourly rates consistent with those now requested.   Doc. No. 62-3.   Kaplan seeks an attorneys' fee award at the rates reflected in the following table:

| Individual | Position | Admitted to Practice Law | Hourly Rate |
|---|---|---|---|
| Susan N. Eisenberg | Partner | 1986 | $540.00 through May 29, 2014[3]; $560.00 thereafter |
| Jennifer T. Williams | Partner | 1999 | $455.00 through May 29, 2014; $475.00 thereafter |
| Nefertari Rigby | Associate | 2011 | $310.00 through May 29, 2014; $325.00 thereafter |
| Darlyn D. Kreitman | Paralegal | N/A (18 years of experience) | $195.00 |

---

[3]  Although Kaplan indicates in its motion that the billing rates for counsel changed during the course of the litigation, it does not state when that occurred.   A review of the invoices, however, indicates that the rates changed following an invoice covering services rendered through May 29, 2014.   Doc. No. 62-1.

Doc. No. 62, at 11–12; *see also* Doc. Nos. 62-1, 62-2.

Kaplan's fee expert, Gary D. Wilson, Esq., attests that he has been a member of the Florida Bar since 1990.  Doc. No. 62-4 ¶ 2.  He has extensive experience in employment law and has served as Chairman of the Orange County Bar Association's Labor and Employment section.  *Id.* ¶¶ 4, 6.  He is familiar with the attorneys' fee market and attorneys' fees generally within the Middle District of Florida.  *Id.* ¶ 5.  He reviewed the pleading file, discovery files, documents exchanged between the parties, and Kaplan's billing records.  *Id.* ¶ 8.  He also discussed the case with Jennifer T. Williams, Esq., Kaplan's counsel, to ascertain the nature of the work performed and responsibilities assumed by counsel.  *Id.* ¶ 9.  He opines that the rates sought for work performed by Attorneys Eisenberg and Williams are "perhaps on the upper end of attorney rates in this community."  *Id.* ¶ 17(a)(i).  Attorney Wilson's current hourly rate is $350.00 per hour.  *Id.* ¶ 5.  In his opinion, the reasonable rates for each individual who performed work on Kaplan's behalf would be as follows: (1) $525.00–$550.00 per hour for Attorney Eisenberg; (2) $450.00–$475.00 per hour for Attorney Williams; (3) $310.00 per hour for Attorney Rigsby; and (4) $195.00 per hour for Paralegal Kreitman.  *Id.* ¶ 17.

Kaplan also attached an order of Magistrate Judge Andrea M. Simonton of the U.S. District Court for the Southern District of Florida in *Diaz v. Kaplan, Inc.*, No. 11-23394-CIV-SEITZ/SIMONTON (S.D. Fla. May 6, 2014).  Doc. No. 62-3.  In that order, Judge Simonton noted that hourly rates of $520.00–$540.00 for Attorney Eisenberg, $435.00 for Attorney Williams, and $195.00 for Paralegal Kreitman were "at the high end of reasonableness." *Id.* at 4.  I note that reasonable hourly rates in south Florida generally exceed rates considered reasonable in this District. *See, e.g., Ward v. Parks Elec. Co.,* No. 6:08-cv-1111-Orl-19KRS, 2009 WL 1684455, at * 6 (M.D. Fla. June 16, 2009).

Although Mawk has not opposed the rates requested by Kaplan, I note that Kaplan's own evidentiary submissions indicate that the rates should, at least in part, be lowered.[4]   In light of Attorney Wilson's affidavit — and bearing in mind that Kaplan must carry its burden of producing satisfactory evidence, beyond an affidavit of the attorneys who performed the work, that the requested rates are in line with prevailing market rates  — I recommend that the requested rates be adjusted as follows:

| Individual | Hourly Rate |
|---|---|
| Susan N. Eisenberg | $540.00 through May 29, 2014; $550.00 thereafter[5] |
| Jennifer T. Williams | $455.00 through May 29, 2014; $475.00 thereafter |
| Nefertari Rigby | $310.00[6] |
| Darlyn D. Kreitman | $195.00 |

In the absence of any objection, however, I recommend that the requested rates not be adjusted further downward.[7]

---

[4]  Kaplan's fee statements indicate that a courtesy 10% reduction in fees was provided by counsel. *See, e.g.,* Doc. No. 62-1, at 2.

[5]  The $550.00 hourly rate for work performed by Attorney Eisenberg after May 29, 2014, has been reduced from the $560.00 hourly rate requested by Kaplan to fall within the range identified as reasonable by Attorney Wilson.

[6]  The $310.00 hourly rate for work performed by Attorney Rigby after May 29, 2014, has been reduced from the $325.00 hourly rate requested by Kaplan to fall within the range identified as reasonable by Attorney Wilson.

[7]  The above recommendation is not meant to imply approval of these rates in all cases.  Rather, much like Judge Simonton, *see* Doc. No. 62-3, at 6 n.5, I base this recommendation on the narrow circumstances of this case, in which Mawk has failed to lodge any objections to the reasonableness of the rates, *Barnes*, 168 F.3d at 428.

*ii.      Reasonable Number of Hours.*

Kaplan requests that its attorneys' fee award be based on 81.20 hours of work performed by Attorney Eisenberg, 200.30 hours of work performed by Attorney Williams, 19.80 hours of work performed by Attorney Rigby, and 101.70 hours of work performed by Paralegal Kreitman.   Doc. No. 62, at 12.   Billing records indicate that Attorney Eisenberg performed 38.80 hours of work prior to May 29, 2014, and 42.40 hours of work after that date.   Doc. No. 62-1.   Those same records indicate that Attorney Williams performed 53.20 hours of work before May 29, 2014, and 147.10 hours of work after that date.   *Id.*   Attorney Wilson states that, in his opinion, the time spent by each individual was reasonable.   Doc. No. 62-4 ¶ 5.   In the absence of an objection, I recommend that the Court find that those hours were reasonably expended in this litigation.   *See Scelta*, 203 F. Supp. 2d at 1333.

*iii.      Lodestar.*

Kaplan requests an award of attorneys' fees in the amount of $155,995.45.   Doc. No. 62, at 10, 15.   Because the requested fee award is less than that to which Kaplan would be entitled if the Court multiplied the above reasonable hourly rates by the reasonable hours expended and because Mawk has not argued that the fee should be reduced, I recommend that the Court approve an attorneys' fee award in the amount of $155,995.45.[8]

---

[8] Kaplan does not explain how it arrived at the $155,995.45 calculation.   Based on the figures outlined above and presented in the motion and accompanying evidence, I calculate the reasonable attorneys' fee as follows:

| Individual | Hourly Rate | Hours | Attorneys' Fee |
|---|---|---|---|
| Susan N. Eisenberg | $540.00 through May 29, 2014; $550.00 thereafter | 38.80 through May 29, 2014; 42.40 thereafter | $44,272.00 |
| Jennifer T. Williams | $455.00 through May 29, 2014; $475.00 thereafter | 53.20 through May 29, 2014; 147.10 thereafter | $94,078.50 |
| Nefertari Rigby | $310.00 | 19.80 | $6,138.00 |
| Darlyn D. Kreitman | $195.00 | 101.70 | $19,831.50 |
| | | **TOTAL:** | **$164,320.00** |

## III.    RECOMMENDATIONS.

In light of the foregoing, I respectfully **RECOMMEND** that the Court **GRANT in part** Defendant's Renewed Motion for Non-Taxable Costs and Attorneys' Fees.   I **RECOMMEND** that the Court award Kaplan $4,436.89 for costs reasonably incurred in the course of this litigation.   I further **RECOMMEND** that the Court award Kaplan $155,995.45 in attorneys' fees.   Finally, I **RECOMMEND** that Kaplan not be permitted to file another fee motion for the reasons discussed in the foregoing Report.

Failure to file written objections to the proposed findings and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its filing shall bar an aggrieved party from challenging on appeal the district court's order based on unobjected-to factual findings and legal conclusions.

Recommended in Orlando, Florida on July 21, 2015.

*Karla R. Spaulding*

KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy

---

Nevertheless, because Kaplan has requested only $155,995.45 in attorneys' fees, that is the amount I recommend that the Court award.